1 | Brett H. Ramsaur, Bar No. 281566
Kelly A. Ramsaur, Bar No. 231542
2 | RAMSAUR LAW OFFICE
3070 Bristol Street, Suite 640
3 | Costa Mesa, CA 92626
Telephone:    949.200.9114
4 | Facsimile:    949.222.3453
Email:        brett@ramsaurlaw.com
5 |              kelly@ramsaurlaw.com

6 | Attorneys for Rodger Oye, The Owens Trust #279,
Vecchio Real Estate Corporation, and John Rampello
7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 |

12 | In re:

13 | MASSOUD HAJNABI,

14 |       Debtor.

15 | ————————————————

16 | MASSOUD HAJNABI,

17 |       Plaintiffs,

18 | v.

19 | RODGER OYE; THE OWENS TRUST #279;
VECCHIO REAL ESTATE CORPORATION;
20 | JOHN RAMPELLO; U.S. BANK TRUST
NATIONAL ASSOCIATION, NOT IN ITS
21 | INDIVIDUAL CAPACITY BUT SOLELY AS
COLLATERAL TRUST TRUSTEE OF
22 | FIRST KEY MASTER FUNDING 2021-A
COLLATERAL TRUST; SELECT
23 | PORTFOLIO SERVICING INC.; AND
NATIONAL DEFAULT SERVICING
24 | CORPORATION,

25 |       Defendants.

Case No. 8:22-bk-11359-TA

Chapter 13

Adv. No. 8:22-ap-01095-TA

**TENTATIVE RULINGS RE
ABSTENTION AS TO THE
REMAINING DEFENDANTS**

Date:        February 29, 2024
Time:        2:00 p.m.
Ctrm.:       5B

26 |

27 |

28 |

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Thursday, February 29, 2024**                                        **Hearing Room        5B**

---

2:00 PM
**8:22-11359    Massoud Hajnabi**                                        **Chapter 13**
Adv#: 8:22-01095        Hajnabi v. Oye et al

**#19.00**        Plaintiff's Motion For Summary Judgment Or In The Alternative, Summary
                Adjudication, Against Rodger Oye; The Owens Trust #279, Rodger Oye As
                Trustee; Vecchio Real Estate Corporation; John Rampello; U.S. Bank Trust
                National Association, Not In Its Individual Capacity But Solely As Collateral Trust
                Trustee Of First Key Master Funding 2021-A Collateral Trust, Select Portfolio
                Servicing Inc.; And National Default Servicing Corporation, Regarding Amended
                Complaint For Violation Of The Automatic Stay 11 U.S.C. §362; Declaratory
                Relief; Injunctive Relief
                **(cont'd from 2-29-24 at 11:00 a.m. to 2:00 p.m. per court's own mtn)**

                                Docket        98

**Tentative Ruling:**

            This is the Rule 56 motion for summary judgment brought by
        Plaintiff/Debtor Massoud Hajnabi's ("Plaintiff" or "Debtor") against Rodger
        Oye, The Owners Trust #279, Rodger Oye as Trustee, Vecchio Real Estate
        Corporation, John Rampello, U.S. Bank Trust National Association ("U.S.
        Bank"), Select Portfolio Servicing Inc. ("Select Portfolio"), and National
        Default Servicing Corporation ("NDSC"). A motion to dismiss the first
        amended complaint was heard on February 8, 2024. The court ruled that it
        would abstain to hearing the matter as to U.S. Bank and Select Portfolio
        Servicing, Inc. ("Loan Defendants") and continue the hearing to coincide with
        this motion for summary judgment as to the remaining defendants
        ("Recording Defendants").

        **A.    Background:**

            The real property that is the subject of the First Amended Complaint
        ("FAC") is located at 279 South Owens Drive, Anaheim, CA 92808
        ("Property"). On October 17, 2005, a Deed of Trust was recorded reflecting a
        $750,000 loan from Bank of America, N.A. to Debtor, secured by the Property
        ("First Deed of Trust"). On June 16, 2006, another Deed of Trust was
        recorded, reflecting a line of credit with Bank of America N.A. in the maximum

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Thursday, February 29, 2024**                                      **Hearing Room        5B**

---

2:00 PM
**CONT...        Massoud Hajnabi**                                                      **Chapter 13**

amount of $150,000 that was also secured by the Property ("HELOC Deed of Trust"). The HELOC Deed of Trust was later modified and recorded, and the credit limit was increased to $252,504. SPS serviced the loan secured by the HELOC Deed of Trust.

On December 21, 2020, a Notice of Default was recorded due to default on the HELOC Deed of Trust. Notices of Trustee's Sale were recorded on September 14, 2021 and March 24, 2022. On June 28, 2022, a trustee's sale took place derived from default on the loan secured by the HELOC Deed of Trust. John Rampello allegedly submitted the bid, and the vesting information submitted indicated "The Owens Trust #279, Vecchio Real Estate Corp., as Trustee." Debtor states the next day someone from Vecchio Real Estate Corp. sent an email to trustee NDSC seeking to change the name of the bidder to Rodger Oye, as Trustee, and it submitted an Affidavit that Mr. Oye intended to be a prospective owner occupant ("POO"). Debtor states that on July 14, 2022, NDSC, the foreclosure trustee, sent a Trustee's Deed upon Sale to Rodger Oye, who returned it on July 18, 2022, and he attempted to rescind his Affidavit that he was to be an owner-occupant.

Debtor filed his chapter 13 bankruptcy petition on August 12, 2022 to gain the benefit of the automatic stay and stall the recording of the trustee' deed following the pre-petition trustee's sale. Rodger Oye recorded the Trustee's Deed Upon Sale on August 16, 2022 (four days after the petition) representing that the Property was sold to The Owens Trust #279, Rodger Oye, as Trustee. Debtor filed this adversary proceeding on November 4, 2022 against third party purchaser, Rodger Oye, the Owens Trust #279, Rodger Oye as Trustee ("Oye") for recording the trustee's deed in violation of the stay. Oye filed an answer on December 12, 2022. Debtor filed the FAC adding SPS and NDSC as Defendants. Debtor alleges in the FAC that the trustee's sale was not "final" when he filed his bankruptcy petition on August 12, 2022, and that the Loan Defendants improperly conducted the sale through the foreclosure trustee, NDSC.

Debtor's Chapter 13 Plan was confirmed on September 7, 2023. On October 12, 2023, this court denied Loan Defendants' motion to dismiss the

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Thursday, February 29, 2024**                                              **Hearing Room        5B**

---

2:00 PM
**CONT...        Massoud Hajnabi**                                                          **Chapter 13**

FAC. The Loan Defendants answered the complaint on October 23, 2023. On December 20, 2023, this court entered an order dismissing Debtor's bankruptcy case because of Debtor's material default for failure to cure delinquent plan payments.

### B. Legal Standard

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and establishing that it is entitled to judgment as a matter of law as to those matters upon which it has the burden of proof. *Celotex Corporation v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); *British Airways Board v. Boeing Co*., 585 F.2d 946, 951 (9th Cir. 1978). The opposing party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. *Celotex,* 477 U.S. at 324. The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*,477 U.S. 242, 248,106 S. Ct. 2505, 2510 (1986). A factual dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the opposing party. Id. The court must view the evidence presented on the motion in the light most favorable to the opposing party. Id. If reasonable minds could differ on the inferences to be drawn from those facts, summary judgment should be denied. A*dickes v. S.H. Kress & Co,* 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970).

### C. Permissive Abstention

At the last hearing on the Rule 12 dismissal motion, the court abstained as to the Loan Defendants, and voiced its skepticism about whether it had any reason or basis for keeping *any part* of this case since the underlying bankruptcy has been dismissed. Perhaps more than he realized, Plaintiff in his Reply succinctly encapsulates the very dilemma the court confronts on the question:

"This case is important not only to Plaintiff, but to all homeowners in California as it affects when the rights to their property are cut off under the

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, February 29, 2024**                                                          **Hearing Room        5B**

<u>2:00 PM</u>
**CONT...        Massoud Hajnabi**                                                          **Chapter 13**

current California foreclosure laws.  It is important to avoid reversible error."
Reply Brief p. 7, lines 1-3.

        The court agrees, and, as it has said before, the statute in question,
Calif. Civil Code §2924(m), which became effective only about two years ago,
creates a panoply of vexing issues that are far from settled under any
caselaw; indeed, only one unpublished bankruptcy court case has ever even
addressed it. The court has voiced its grave concern that the statute was not
well considered in that it creates an unwieldy uncertainty about when title to
foreclosed property actually passes which requires a factual analysis in
almost every instance, just as we confront here.  This inherent lack of
precision is at war with the needs of the great bulk of established commercial
law which looks for a unambiguous pinpoint in time regarding when title to
collateral can be said to have passed after foreclosure.

        Debtor cites to cases that suggest that the court has exclusive
jurisdiction over violation of the automatic stay matters. For example, the
Bankruptcy Appellate Panel of the Ninth Circuit has specifically stated that
"where a bankruptcy court has jurisdiction but is not in a position to avail itself
of statutory or nonstatutory abstention, it must exercise its jurisdiction. An
automatic stay violation dispute is such an instance" *In re Johnson*, 346 B.R.
190 (B.A.P. 9th Cir. 2006). This might be so but as defendants have
observed, violation of the stay here is entirely derivative of the question of
when title passed under California law, and what Plaintiff really seeks is a
declaration from this court that the purported foreclosure was ineffective. So,
violation of the stay is merely a contrived label on the real issues, but since
there is no longer a bankruptcy estate to be protected, the court's interest in
protecting the integrity of the stay in the abstract can only have true meaning
for other cases, not this one which is pursued solely for the debtor's own
account and not for any estate or creditors.

        Through permissive abstention, courts have stated clearly that the
bankruptcy court has the power to exercise broad discretion in abstaining *sua
sponte* from adversary proceedings under28 USC§ 1334(c)(1). See I*n re
Tucson Estates, Inc.*, 912 F.2d. 1162, 1166-68 (9th Cir. 1990) (bankruptcy
courts have discretion to abstain in favor of state court adjudication when it is

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, February 29, 2024**                                    **Hearing Room        5B**

---

2:00 PM
**CONT...        Massoud Hajnabi**                                                    **Chapter 13**

in the interest of justice or in the interest of comity). Under this statute, the court indicated in its last hearing on the motion to dismiss the FAC that it could effectively send the case to state court but was inclined to hear further argument in the pleadings on this motion for summary judgment. That analysis has solidified the court's initial impression that abstention is appropriate.

Plaintiff argues against the court's broad discretion to permissively abstain by citing Ninth Circuit cases that bar abstention *unless there is a pending state action*. See *Security Farms v. International Brotherhood of Teamsters,* 124 F.3d 999, 1009 (9th Cir. 1997) (abstention can exist only where there is a parallel proceeding in state court); *Schulman v. Cal. (In re Lazar), 237 F.3d 967, 981-82 (9th Cir. 2001)*. This is an overreading of the cited authorities, and not the law. Both cited cases are factually distinguishable from this one in two ways: (1) they concern cases that began in state court and were removed to bankruptcy courts and (2) the bankruptcy cases were not dismissed but persisted despite the proposed abstention. In fact, the court in *Security Farms* explains that the purpose of requiring a pending state action is to eliminate confusion with 28 U.S.C. § 1452(b), which provides district courts with authority to remand civil actions *properly removed to federal court*. *Security Farms,* 124 F. 3d at 1010. Additionally, it is clear in Ninth Circuit case law, including *Security Farms,* that permissive abstention is a balancing of twelve competing factors described in *Tucson Estates.* While one of those factors considers whether there is a related proceeding in state court, it is not a controlling factor against abstention only one of twelve. So, obviously the law cannot be as Plaintiff argues that this one factor dictates the result. Perhaps the closest case Plaintiff cites to is *Eastport Assocs. v. City of L.A. (In re Eastport Assocs.*), 935 F.2d 1071, 1079 (9th Cir. 1991). While the *Eastport* court declined abstention in an adversary proceeding that did not have a pending state court proceeding and involved mainly state law issues, it is still distinguishable because the bankruptcy was not dismissed in that case. The *Eastport* court also used the *Tucson Estate* factors to make its determination, acknowledging that the decision to abstain is a balancing test, and that that court may have balanced the factors differently from the lower court. *Eastport,* 935 F.2d at 1079. Thus, it is evident that the controlling

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

Thursday, February 29, 2024                                    Hearing Room        **5B**

---

2:00 PM
**CONT...        Massoud Hajnabi**                                    **Chapter 13**

authority here is *Tucson* Estates with its multiple factors and that the court
can abstain when it is in the interest of comity. Upon review of the parties'
analysis of the twelve factors, the court is persuaded by the opposition and
finds that the bulk of the factors weigh in favor of abstention, notably because
(1) this adversary is irrelevant as the bankruptcy case was dismissed; and (2)
the issues of finality of the foreclosure sale under Section 2924m are
unsettled and better suited for the state court.

D. **Genuine Dispute of Material Fact?**

Although the court abstains from hearing this adversary proceeding,
denial of the summary judgment would also have been appropriate here for
the additional reasons stated below:

1. **Notices of Intent to Bid Submission**

The first, and probably the simplest issue of fact presented is whether
notices of intent to bid were submitted to the foreclosure trustee. This is
undisputed by the parties and NDSC even stated in their Response to the
Statement of Uncontroverted Facts that notices of intent to bid were received
by them. Since these notices came within 15 days of the Trustee's sale, this
extends the finality of the sale to 45 days under Section 2924(m)(c)(4)(A).
Accordingly, there is no genuine dispute of material fact as to the notices of
intent to bid submitted to the foreclosure trustee.

2. **Finality of the Sale/Last and Highest Bidder**

The next, and most prominent issue here is whether there is a genuine
dispute as to the finality of the sale and whether Oye was the last and highest
bidder.  Plaintiff asserts a cause of action against all defendants, but
specifically the Recording Defendants for violation of the automatic stay. The
alleged violation here is Oye's recording of Trustee's Deed Upon Sale it
received from NDSC before the 45 day deadline of Section 2924m expired
and after the bankruptcy was filed. This all hinges on whether there is a
genuine dispute as to when the sale was deemed "final".

Under Section 2924m, if the highest bidder at the live auction
foreclosure sale intends to occupy the real property and provides an affidavit

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Thursday, February 29, 2024**                              **Hearing Room        5B**

---

<u>2:00 PM</u>
**CONT...        Massoud Hajnabi**                                        **Chapter 13**

attesting to the same under penalty of perjury by 5:00 p.m. on the next business day following the trustee's sale, then the foreclosure sale is deemed "final" as of the date of the live auction sale. Civ. Code §2924m(a)(1) and (c)(1). Absent the foregoing, a foreclosure sale is deemed "final" 15 days after the live auction but only to the extent that the foreclosure trustee has not received any notices of intention to bid from any "eligible bidders." Civ. Code §2924m(c)(2). In the event that a foreclosure trustee receives one or more notices of intention to bid from one or more eligible bidders, then the foreclosure sale is not deemed "final" until the expiration of the 15- day notice period *and a second 45-day period during which eligible bidders may submit bids.* Civ. Code §2924m(c)(4)(A).

Here, Plaintiff contends that there is no genuine dispute that Rampello and/or Vecchio were the last and highest bidders in the foreclosure sale, meaning that there is no genuine dispute that the finality of the sale was at the 45 day expiration. Specifically, Plaintiff asserts that it is undisputed that Rampello and Vecchio are not prospective owner occupants but are investors. This fact triggered the 15 days extension after the live auction before the sale is deemed final. Further, it is also undisputed that notices of intent to bid were submitted after the foreclosure sale, triggering the additional 45 day extension.  Plaintiff provides evidence to support this contention through the winning bidder purchase receipt that shows that John Rampello is the high bidder and does not list Rodger Oye anywhere. This is also supported by Oye's response to the Request for Admission No. 1 admitting that Rampello submitted the last and highest bid at the trustee's sale. On the flipside, Recording Defendants contend that Oye was a prospective owner occupant and the winning bidder because they were assigned the interest in the Property and because there is nothing in the evidence to show that Rampello could not act as an agent to Oye.

There are two obstacles here. First, the parties, specifically Oye, have not persuasively provided evidence to show that Rampello was acting as an agent to Oye in this foreclosure sale. Second, the rights to the Property were apparently assigned to Oye one day after the foreclosure sale, when Vecchio changed the trustee listed to Oye. However, it is unclear whether the statute defines a POO to be solely the initial winning bidder to be deemed "final" or

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Thursday, February 29, 2024                                                    Hearing Room          **5B**

2:00 PM
CONT...          Massoud Hajnabi                                                              Chapter 13

whether assignments to a prospective owner occupants are included in this definition. While the court does find evidence presented by Plaintiff to be persuasive that Rampello/Vecchio were the last and highest bidders, there are still many holes in the facts and in the statute (as the court feared). When viewing everything in the light most favorable to the Recording Defendants, and the other defendants, the court finds that there is still some dispute over who the last and highest bidder is based on the interpretation of the statute. If this case is renewed in state court further discovery and research regarding some communication or indication that Rampello was acting as agent to Oye would be very helpful. Further case law that sheds light on whether assignments are included in the definition of POO in Section 2924m would also be helpful here. However, as of this motion, the court concludes that there is a genuine issue of material fact as to who the last and highest bidder is and the finality of the sale.

### D. <u>Agent Liability</u>

Plaintiff includes the Loan Defendants and NDSC as agents in the foreclosure sale who also violated the automatic stay because of their role in the sale and for failure to remedy the violations after the fact. Both Loan Defendants and NDSC's acts of conducting the sale, receiving the funds, and accepting the prospective owner occupancy declaration were pre-petition acts. The court agrees with this argument that Plaintiff has not provided any evidence to show that there was an affirmative act to violate the automatic stay, as both Loan Defendants and NDSC's roles in the transaction were completed prior to the bankruptcy filing. The recording of the Trustee's Deed Upon Sale was solely the act and responsibility of Oye.

However, Plaintiff argues that Loan Defendants did not take affirmative action to rescind the sale upon Debtor's bankruptcy filing and violated both Section 362(a)(3) and Section 362(a)(1). Loan Defendants persuasively refute this argument, stating that "affirmative action" in rescinding a foreclosure sale is not the standard. In *City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585 (2021), the Supreme Court held that "the retention of estate property after filing of a bankruptcy petition does not violate Section 362(a)(3)

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Thursday, February 29, 2024                                    Hearing Room    **5B**

2:00 PM
CONT...        Massoud Hajnabi                                    Chapter 13

of the Bankruptcy Code." *Fulton*, 132 S. Ct. at 592. Further, *In re Stuart*, 632 B.R. 531, 541 (B.A.P. 9th Cir. 2003) stands for the proposition that inaction does not violate the stay if there is nothing done to enhance one's position and the alleged violator only seeks to maintain the status quo. *Stuart*, 632 B.R. at 544. Similar argument is made for NDSC here, as the bankruptcy was filed one month after its role was completed. The court agrees that violation of the automatic stay against Loan Defendants and NDSC would be difficult to show given the timing of their role in the foreclosure and based on the foregoing case law.

### E. Declaratory Relief/ Sale Void Under California Law

Plaintiff seeks declaratory relief in the First Amended Complaint that he is the "is the rightful owner of the Property," and an order declaring the "foreclosure sale void for violating the stay." Plaintiff, in the reply, has also asserted that the foreclosure sale is void under California state law because there are several irregularities in the sale of the property which include the winning bid receipt listing a different winning bidder, the request to have this bidder changed after the foreclosure sale, a POO affidavit that did not fully comply with the statutory requirements of section 2015.5 of California's Code of Civil Procedure, the acceptance of POO affidavit from a person who was not the winning bidder, the issuing of a TDUS prior to the sale being final, the recission of the POO affidavit by Rodger Oye and the return of the Trustee's Deed Upon Sale to the Trustee. See *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 445 [129 Cal. Rptr. 2d 436] (under California law an irregularity in the foreclosure proceedings itself is reason to set aside a foreclosure sale). Both Recording Defendants and Loan Defendants argue their respective oppositions that declaratory relief would not be appropriate at this time because Plaintiff has not demonstrated undisputed evidence that declaratory relief should be granted. The court agrees.

### F. Conclusion

As indicated above, there are still several issues in genuine dispute that will be better resolved through further discovery and research. But this court sees no compelling reason to be the tribunal to decide these unsettled questions which may well determine foreclosure law in California under a new

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

---

**Thursday, February 29, 2024**                                      **Hearing Room      5B**

---

2:00 PM

**CONT...        Massoud Hajnabi**                                              **Chapter 13**

statute which the court doubts was correctly considered in the first place.
Unsettled nature of law and the extent to which state law issues predominate
over federal questions are among the most compelling *Tucson Estate* factors
at work here. *In re Tucson Estates, Inc.*, 912 F. 2d at 1167[factors (2) and
(3)]. This should be especially so when virtually none of the other factors
weigh in favor of keeping the case since there is no longer an estate to
administer.

To conclude, the court permissively abstains from hearing this adversary
proceeding for the reasons stated herein under 28 U.S.C. § 1334(c)(1).

| Party Information | |
|---|---|
| **Debtor(s):** | |
| Massoud  Hajnabi | Represented By<br>Norma  Duenas |
| **Defendant(s):** | |
| Rodger  Oye | Represented By<br>John P. Ward<br>Brett  Ramsaur |
| U.S. Bank Trust National | Represented By<br>Peter J Barrett |
| John  Rampello | Represented By<br>Brett  Ramsaur |
| National Default Servicing | Represented By<br>Brandon J. Mika<br>Chad L Butler |
| Select Portfolio Servicing Inc. | Represented By<br>Peter J Barrett |
| Vecchio Real Estate Corporation | Represented By<br>Brett  Ramsaur |
| The Owens Trust #279, Rodger Oye | Represented By<br>Brett  Ramsaur |

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, February 29, 2024**                                        **Hearing Room        5B**

2:00 PM
**CONT...      Massoud Hajnabi**                                                    **Chapter 13**

**Plaintiff(s):**

  Massoud  Hajnabi                           Represented By
                                               Norma  Duenas

**Trustee(s):**

  Amrane (SA)  Cohen (TR)                     Pro Se

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, February 29, 2024**                                   **Hearing Room    5B**

---

2:00 PM
**8:22-11359    Massoud Hajnabi**                                              **Chapter 13**
Adv#: 8:22-01095        Hajnabi v. Oye et al

> **#20.00**    Motion To Dismiss First Amended Complaint For Violation Of The Automatic
> Stay 11 USC § 362; Declaratory Relief; Injunctive Relief
> **[Fed. R. Bankr. Proc. 7012(b); Fed. R. Civ. Proc. 12(b)(6)]**
> **(cont'd from 2-08-24)**
>
>                                   Docket        104

**Tentative Ruling:**

Tentative for February 29, 2024

See #19. Appearance required.

---------------------------------------------------------------

Tentative for February 8, 2024

**A.  Background**

This is Defendants U.S. Bank Trust National Association, as Collateral
Trust Trustee of First Key Master Funding 2021 – A Collateral Trust and
Select Portfolio Servicing, Inc.'s ("SPS") (collectively "Loan Defendants")
Motion to Dismiss the First Amended Complaint ("FAC") filed by Debtor
Massoud Hajnabi ("Debtor"). This Motion is brought under FRCP 12(b)(6). It
is also joined by Rodger Oye, the Owens Trust #279, Vecchio Real Estate
Corporation, John Rampello ("Joining Defendants") and National Default
Servicing Corporation ("NDSC").

The real property that is the subject of the FAC is located at 279 South
Owens Drive, Anaheim, CA 92808 ("Property"). On October 17, 2005, a Deed
of Trust was recorded reflecting a $750,000 loan from Bank of America, N.A.
to Debtor, secured by the Property ("First Deed of Trust"). On June 16, 2006,
another Deed of Trust was recorded, reflecting a line of credit with Bank of

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

Thursday, February 29, 2024                                    Hearing Room        5B

---

2:00 PM
CONT...        **Massoud Hajnabi**                                              Chapter 13

America N.A. in the maximum amount of $150,000 that was also secured by the Property ("HELOC Deed of Trust"). The HELOC Deed of Trust was later modified and recorded, and the credit limit was increased to $252,504. SPS serviced the loan secured by the HELOC Deed of Trust.

On December 21, 2020, a Notice of Default was recorded due to default on the HELOC Deed of Trust. Notices of Trustee's Sale were recorded on September 14, 2021 and March 24, 2022. On June 28, 2022, a trustee's sale took place because of default on the loan secured by the HELOC Deed of Trust. John Rampello allegedly submitted the bid, and the vesting information indicated "The Owens Trust #279, Vecchio Real Estate Corp., as Trustee." Debtor states the next day someone from Vecchio Real Estate Corp. sent an email to trustee NDSC seeking to change the name of the bidder to Rodger Oye, as Trustee, and it submitted an Affidavit that Mr. Oye intended to be an owner occupant. Debtor states that on July 14, 2022, NDSC sent a Trustee's Deed upon Sale to Rodger Oye, who returned it on July 18, 2022, and he attempted to rescind his Affidavit that he was to be an owner-occupant.

Debtor filed his chapter 13 bankruptcy petition on August 12, 2022 to gain the benefit of the automatic stay and stall the recording of the trustee' deed following the pre-petition trustee's sale. Rodger Oye recorded the Trustee's Deed Upon Sale on August 16, 2022 representing that the Property sold to The Owens Trust #279, Rodger Oye, as Trustee. Debtor filed this adversary proceeding on November 4, 2022 against third party purchaser, Rodger Oye, the Owens Trust #279, Rodger Oye as Trustee ("Oye") for recording the trustee's deed in violation of the stay. Oye filed an answer on December 12, 2022. Debtor filed a First Amended Complaint adding SPS and NDSC as Defendants. Debtor alleges in the FAC that the trustee's sale was not "final" when he filed his bankruptcy petition on August 12, 2022, and that the Loan Defendants improperly conducted the sale through the foreclosure trustee, NDSC. Debtor's Plan was confirmed on September 7, 2023. On October 12, 2023, this court denied Loan Defendants' motion to dismiss the FAC. The Loan Defendants answered the complaint on October 23, 2023.

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, February 29, 2024**                    **Hearing Room        5B**

2:00 PM

**CONT...        Massoud Hajnabi**                                              **Chapter 13**

On December 20, 2023, this court entered an order dismissing
Debtor's bankruptcy case because of Debtor's material default for failure to
cure delinquent plan payments. The Loan Defendants now request that the
motion to dismiss should be granted because the underlying bankruptcy case
has been dismissed. Defendants Oye and Rampello echo the arguments of
the Loan Defendants and also provide additional argument in their joinder
that the FAC lacks sufficient factual allegations to support a claim for willful
violation of the automatic stay.


## B. <u>Legal Standard of a 12(b)(6) Motion</u>

When considering a motion under FRCP 12(b)(6), a court takes all the
allegations of material fact as true and construes them in the light most
favorable to the nonmoving party. *Parks School of Business v. Symington*, 51
F.3d 1480, 1484 (9th Cir. 1995). A complaint should not be dismissed unless
a plaintiff could prove no set of facts in support of his claim that would entitle
him to relief. *Id.* Motions to dismiss are viewed with disfavor in the federal
courts because of the basic precept that the primary objective of the law is to
obtain a determination of the merits of a claim. *Rennie & Laughlin, Inc. v.
Chrysler Corporation*, 242 F.2d 208, 213 (9th Cir. 1957).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
not need detailed factual allegations, a plaintiff's obligation to provide the
grounds of his entitlement to relief requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action will not do."
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-556 (2007). A complaint
must contain sufficient factual matter to state a claim to relief that is plausible
on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) citing *Twombly*. A
claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged. *Id.* The plausibility standard asks for more than a
sheer possibility that a defendant has acted unlawfully. *Id.* The tenet that a
court must accept as true all factual allegations is not applicable to legal
conclusions. *Id.*

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Thursday, February 29, 2024                                          Hearing Room        5B

2:00 PM
CONT...          Massoud Hajnabi                                                    Chapter 13

### C. **Procedural Issues of Loan Defendants**

Debtor argues in his opposition that the Motion to Dismiss is untimely because the Loan Defendant have already answered the FAC. Procedurally, a 12(b)(6) motion is generally a mechanism brought before filing a responsive pleading, not after. However, Loan Defendants assert that this court may construe this motion as either one for judgment on the pleadings under Rule 12(c), or as one for summary judgment. Rule 12(c) provides, "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

The issue here, as Debtor points out, is that this Motion to Dismiss was brought under Rule 12(b)(6), not 12(c), and Debtor is correct that a 12(b)(6) motion at this point is untimely since Loan Defendants and Joining Defendants have answered the FAC. This puts the court in a difficult position because on one hand, the court would be ruling on a motion brought under the wrong statute and one that is procedurally flawed. On the other hand, continuing the matter so that the parties can file the correct motion with oppositions and replies would waste resources and cause further delay. Further, the underlying bankruptcy case has already been dismissed.

### D. **Procedural Issues of Joining Defendants**

The Joining Defendants have created similar procedural issues as they have joined the Motion to Dismiss pursuant to Rule 12(b)(6) and asserted dismissal under 12(b)(1). Debtor argues that this court cannot treat a Rule 12(b)(6) motion (which is already untimely) as a Rule 12(b)(1) motion when that is not how the motion was brought, because Debtor has a right to fair notice of the legal basis for dismissal which was not properly provided for in the initial motion to dismiss.

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

**Thursday, February 29, 2024**                                         **Hearing Room        5B**

---

2:00 PM
**CONT...        Massoud Hajnabi**                                                            **Chapter 13**
  **E.  Granting of Motion Due to Dismissal of Bankruptcy**

      Loan Defendants request dismissal of the FAC given that the related
and underlying bankruptcy case has been dismissed. "[B]ankruptcy courts are
not automatically divested of jurisdiction over related cases when the
underlying bankruptcy case is dismissed." *In re Carraher*, 971 F.2d 327, 328
(9th Cir.1992). The court considers certain factors in determining whether to
dismiss a related case, including judicial economy, convenience and fairness
to the parties, and comity. *Carraher*, 971 F.2d at 328. The Ninth Circuit has
also affirmed that where there has not been significant delay or significant
expense, and the case involves intricate state law, an adversary proceeding
was properly dismissed in the face of an underlying bankruptcy case
dismissal. See I*n re Casamont Investors, Ltd.*, 196 B.R. 517, 524-526 (9th
Cir. BAP 1996).

      Here, Debtor's underlying bankruptcy case was dismissed on
December 20, 2023 and he is no longer seeking administration of his plan.
Debtor claims that Oye violated the stay by recording the trustee's deed after
the bankruptcy petition. There are no allegations that Loan Defendants had
control over that, and their sale occurred pre-petition. The factors in *Carraher*
also support dismissal of the FAC as this adversary has only been pending
for one year, a dismissal would conserve costs and resources, and the state
court is better suited for determination of some of the arcane issues of
California presented. The parties can still litigate and have the issues heard in
state court and a dismissal would respect comity as the state court is better
positioned to determine issues of nonjudicial foreclosure law, specifically Civil
Code §2924m, recently amended by the California Legislature.  This court
has been heard to publicly proclaim its grave concerns about the structure
and intent behind Civil Code §2924m, and its wisdom at any level.  The
concept of injecting a "not final" label upon what otherwise would traditionally
have governed the effect of trustee's sales injects a disturbing level of
uncertainty and opens a door to assorted mischief, similar, perhaps to what
may have occurred here. Traditionally, trustee sales have fixed a pinpoint in
time where title has passed or it hasn't. And such certainty is in keeping with
the purposes and functioning of Commercial Law generally.  Now, apparently,
we have a class of foreclosures in California where no one can quite tell,

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

Thursday, February 29, 2024                                    Hearing Room        5B

<u>2:00 PM</u>
CONT...        Massoud Hajnabi                                              Chapter 13

potentially for weeks, as to whether the title has passed and little or nothing
can be determined based only upon the recorded documents.

Aside from the procedural issues concerning Loan Defendants, Debtor
does not provide opposition specifically as to Loan Defendants' arguments.
While the procedural issues cannot be overlooked, as this motion was
brought under Rule 12(b)(6), and not 12(c), the reasons for construing the
motion as one for judgment on the pleadings are strong and any
countervailing purposes for this court in keeping the adversary proceeding are
weak. *Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 954 (9th Cir.
2004) (holding that "where the Defendants filed
their motion to dismiss after filing their answer ... the motion should have
been treated as a motion for judgment on the pleadings, pursuant to [Civil]
Rule 12(c) or 12(h)(2)" (citing *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.
1980))). This is particularly so when at the center is interpretation of a new
California statute which this court regards as of dubious advisability. But the
court believes in the end it there is a better remedy; it should simply abstain
from hearing this case entirely, which preserves the party's opportunity to
litigate the matter in state court where it belongs. See 28 USC §1334(c).

With respect to the Joining Defendants, they admit in their joinder that
a claim for willful violation of the automatic stay may survive dismissal of the
underlying bankruptcy case. *In re Davis*, 177 B.R. 908, 911 (B.A.P 9th Cir.
1995).  Debtor opposes most of Joining Defendants' arguments, citing to
*40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076 (9th Cir. 2003). In
*Lusardi*, "Federal courts have jurisdiction over matters in which a federal
question is presented on the face of the well-pleaded complaint". *Lusardi*, 329
F.3d at 1079-80. *Lusardi* makes clear that federal courts can retain
jurisdiction to remedy violations of the automatic stay beyond willful violations.
Id.  The *Lusardi* court retained jurisdiction after dismissal of the bankruptcy, in
a stay violation claim for quieting title and declaratory relief. Id. at 1080. There
was no willful violation claim in that case. Additionally, Debtor argues that
public policy concerns favor federal bankruptcy courts retaining jurisdiction in
automatic stay violation claims because not retaining would allow creditors to
avoid accountability for their actions.

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

---

Thursday, February 29, 2024                                    Hearing Room        5B

---

2:00 PM
CONT...        **Massoud Hajnabi**                                        **Chapter 13**

        Although *Lusardi* is not as applicable to these facts as *Davis*, it does
demonstrate that violation of the stay may not have to be "willful" in order for
the court to consider its implications.  Moreover, this court has previously
ruled on this issue of whether Debtor had pled sufficient facts in the FAC to
show that there was a willful violation. In fact, there has already been a denial
of a motion to dismiss this case prior to the dismissal of the bankruptcy case,
to which the court found generally that Debtor pled sufficient claims under the
*Iqbal* and *Twombly* standard. But the court is also concerned that in the end
vindicating Federal concerns over the integrity of the automatic stay post-
bankruptcy case dismissal, while not a *di minimus* consideration, is perhaps
insufficient to warrant the expense and inconvenience of continuing this
litigation as separate and parallel from that which may be undertaken in state
court. Moreover, in the court's view issues here about the propriety of the
foreclosure sale and its compliance with Civil Code 2924(c), the Joining
Defendants' role therein and consequently whether the stay was violated, are
all coming back ultimately to that question of state law,.

        The court exercises broad discretion to abstain from hearing adversary
proceedings pursuant to 28 USC §1334(c)(1). *In re Pineda,* 2013 WL
1749554 (2013) (the lower court held that it was authorized to abstain *sua
sponte* under *28 USC §1334 (c)(1))*; See also *In re Tucson Estates, Inc.*, 912
F.2d. 1162, 1166-68 (9th Cir. 1990) (bankruptcy courts have discretion to
abstain in favor of state court adjudication when it is in the interest of justice
or in the interest of comity); *Gober v. Terra + Corp.*, 100 F.3d 1195, 1207 (5th
Cir.1996) ("Permissive abstention may be raised by the court *sua sponte*.").
The real question is whether, on balance, there is enough transcendent
concern here regarding the stay for this court to retain jurisdiction. That is not
at all clear. The court also observes that Debtor has brought a motion for
summary judgment scheduled for February 29, 2024 on the question of stay
violation. So, the better part of valor is to continue resolution of this motion to
be combined with that hearing. The court requests that the parties augment
their pleadings in response to that Rule 56 motion to also address the
question of whether, even if there were a violation of the stay other concerns

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, February 29, 2024**                                    **Hearing Room      5B**

---

2:00 PM
**CONT...      Massoud Hajnabi**                                                **Chapter 13**

preponderate in favor of avoiding a ruling in favor of abstention.

*Abstain under 28 USC §1334 (c)(1) as to Loan Defendants. Continue as to Joining Defendants to coincide with Rule 56 motion on calendar February 29, 2024. Appearance required.*

| Party Information |
|---|

**Debtor(s):**

Massoud  Hajnabi                          Represented By
                                           Norma  Duenas

**Defendant(s):**

Rodger  Oye                               Represented By
                                           John P. Ward
                                           Brett  Ramsaur

U.S. Bank Trust National                  Represented By
                                           Peter J Barrett

John  Rampello                            Represented By
                                           Brett  Ramsaur

National Default Servicing                Represented By
                                           Brandon J. Mika
                                           Chad L Butler

Select Portfolio Servicing Inc.           Represented By
                                           Peter J Barrett

Vecchio Real Estate Corporation           Represented By
                                           Brett  Ramsaur

The Owens Trust #279, Rodger Oye          Represented By
                                           Brett  Ramsaur

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Theodor Albert, Presiding**
**Courtroom 5B Calendar**

**Thursday, February 29, 2024**                                    **Hearing Room        5B**

2:00 PM
**CONT...      Massoud Hajnabi**                                              **Chapter 13**

**Plaintiff(s):**

Massoud  Hajnabi                          Represented By
                                              Norma  Duenas

**Trustee(s):**

Amrane (SA)  Cohen (TR)                    Pro Se